IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CHARLES W. RAMSEY,

          Petitioner,

v.                                           CIVIL ACTION NO.  5:06-cv-00637

WARDEN CHARLES T. FELTS,

          Respondent.

**JUDGMENT ORDER**

      By Standing Order entered on August 1, 2006, and filed in this case on August 16, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R on July 18, 2007 [Docket 30]. In that filing, the magistrate judge recommended that this Court grant Petitioner's Application for Writ of Habeas Corpus [Docket 2], and order Petitioner's immediate release to commence his period of supervised release.

      The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and Defendant's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge

Stanley's PF&R were due by August 3, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, neither Petitioner nor the United States has filed any objections.

Having reviewed the Proposed Findings and Recommendation filed by Magistrate Judge Stanley, the Court **ADOPTS** the findings and recommendation contained therein, including the full procedural history and detailed legal analysis of the magistrate judge.[*] Further, the Court specifically **FINDS** that:

1. Petitioner's plea rested in a significant degree on a promise or agreement of the prosecutor that Petitioner would be sentenced to time served and would be immediately released to begin service of his term of supervised release;
2. While Petitioner was sentenced to time served, the prosecutor's promise has not been fulfilled because Petitioner was not immediately released;
3. Petitioner's rights under the plea agreement are constitutionally based in the Due Process Clause;
4. Violation of Petitioner's rights under the plea agreement impairs confidence in the voluntariness and intelligence of his guilty plea;

---

[*] Although not cited in the PF&R, the Court notes that *United States v. Carter*, 454 F.2d 426 (4th Cir. 1972) also supports the magistrate judge's analysis. In *Carter*, the court stated that "[t]he United States government is the United States government throughout all of the states and districts." 454 F.2d at 428. While *Carter* specifically dealt with United States Attorneys in different districts, the underlying policy of that decision is applicable here. For example, in support of its decision, the court stated:

> If there be fear that a[] United States Attorney may unreasonably bargain away the government's right and duty to prosecute, the solution lies in the administrative controls which the Attorney General of the United States may promulgate to regulate and control the conduct of cases by the United States Attorneys and their assistants. The solution does not lie in formalisms about the express, implied or apparent authority of one United States Attorney, or his representative, to bind another United States Attorney and thus to visit a . . . sentence on a defendant in violation of a bargain he fully performed. There is more at stake than just the liberty of this defendant. At stake is the honor of the government public confidence in the fair administration of justice, and the efficient administration of justice in a federal scheme of government.

*Id*.

5. The honor of the United States government, the public confidence in the fair administration of justice, and the effective administration of justice are adversely affected by the government's failure to fulfill its promises in Petitioner's plea agreement;
6. The United States is held to a greater degree of responsibility than Petitioner for imprecision or ambiguity in a plea agreement;
7. The United States wrote Petitioner's plea agreement;
8. Petitioner's plea agreement is ambiguous as a matter of law because it purported to bind only the United States Attorney's Office, but it made representations and promises affecting other agencies within the U.S. Department of Justice on which representations and promises Petitioner, his counsel, and the District of Columbia court reasonably relied;
9. The Parole Commission's action was unanticipated by the plea agreement and resulted in the purpose of the plea agreement not being fulfilled;
10. It is the court's duty to ensure that the bargain represented by the plea agreement is not frustrated.

Accordingly, the Court hereby **GRANTS** Petitioner's Application for Writ of Habeas Corpus [Docket 2], **ORDERS** that Petitioner be immediately released to commence his period of supervised release, and **DIRECTS** the Clerk to remove this action from the Court's docket. The Court further **DIRECTS** the Clerk to send a certified copy of this Judgment Order to all counsel of record, Petitioner, *pro se*, and Magistrate Judge Stanley.

ENTER: August 7, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE